JUSTICE COTTER
concurs.
¶44 I concur in the result reached by the Court, but I do not agree with the entire rationale underlying the Court’s Opinion. Consistent with Justice Nelson’s dissent in United Nat. Ins. v. St. Paul Fire & Marine, 2009 MT 269, 352 Mont. 105, 214 P.3d 1260, which I joined, I fail to understand the distinction the Court attempts to make here in ¶¶ 25-28 of the Opinion. Regardless of whether the State sought recovery from the County under a breach of contract action or a common law indemnity action, the result would be the same: the State, as the entity with the non-delegable duty, would be permitted, under our rationale in United National Insurance, to shift liability for its non-delegable obligation to another party, in contravention of longstanding public policy and the several cases cited in Justice Nelson's dissent in United National Insurance at ¶ 45.1 join the result here, however, because I agree with the Court that the State was properly held liable for that portion of the Plaintiffs damages assessed by the jury, in light of its non-delegable duty to maintain the sidewalk. I therefore concur.
JUSTICE NELSON joins the Concurrence of JUSTICE COTTER.